```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION

IN RE:
FIDDLER'S CREEK, LLC,
and its twenty-seven subsidiaries
and affiliates,

        Debtors.
_____/

PEPI CAPITAL, L.P.,

        Appellant,
                                  Case No.        8:19-cv-8-T-33
v.                                Bankr. No.   8:10-bk-3846-CPM
                                  Adv. Pro. No. 8:11-ap-809-CPM
FIDDLER'S CREEK, LLC,
its twenty-seven subsidiaries
and affiliates, and GULF BAY
CAPITAL, INC.,

        Appellees.
_____/
```

## ORDER

This matter comes before the Court pursuant to Appellee Fiddler's Creek, LLC, its twenty-seven subsidiaries and affiliates, and Gulf Bay Capital, Inc.'s ("Debtors") Motion for Rehearing (Doc. # 33), filed on May 28, 2019. Appellant PEPI Capital, L.P., responded in opposition on June 13, 2019. (Doc. # 38). For the reasons that follow, the Motion is denied.

## I. Background

An in-depth review of the history of this case is unnecessary. Suffice it to say that PEPI appealed the bankruptcy court's summary judgment order in the adversary proceeding, as well as the bankruptcy court's subsequent orders and final judgment resolving the counterclaims and third-party claims not addressed in the summary judgment order. (Doc. ## 1, 23). PEPI challenged the bankruptcy court's rulings on numerous issues related to the Commitment Letter, including the bankruptcy court's holding that "PEPI's unequivocal refusal to provide the written confirmation that its due diligence was completed was a prospective breach of contract, releasing Debtors from any further obligations under the Commitment Letter." (Doc. # 7-136 at 31).

On May 13, 2019, this Court reversed and remanded the bankruptcy court's orders on numerous grounds, including that the bankruptcy court erred in interpreting the Commitment Letter's termination provision. (Doc. # 30). Regarding whether the termination provision of the Commitment Letter required a written due diligence sign off, this Court agreed with PEPI that "the termination provision is not ambiguous and did not require a written due diligence sign off as a matter of law." (Id. at 51). Thus, the Court concluded: "[t]he

bankruptcy court erred in concluding that a written due diligence sign off was a required precedent to filing for bankruptcy under the Commitment Letter." (Id.).

Then, on May 28, 2019, Debtors moved for reconsideration as to the Court's ruling on the written due diligence sign off issue. (Doc. # 33). Debtors "seek rehearing as to the Court's determination in Part II(D) of its Order that 'the termination provision [in the Commitment Letter] is not ambiguous and did not require a written due diligence sign off as a matter of law.'" (Id. at 2). Debtors ask this Court to "clarify and revise its Order to provide for a remand of all of the issues, including the issue of the ambiguity of the termination provision so that it can be fully and fairly considered and decided by the trial court in the first instance with the other issues on remand." (Id. at 3).

PEPI has responded, (Doc. # 38), and the Motion is ripe for review.

## II. Discussion

"There are three major recognized justifications for reconsideration: '(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice.'" Franklin v. Anderson Media, No. 8:10-cv-2935-T-33MAP, 2011 WL

5903557, at *1 (M.D. Fla. Nov. 25, 2011)(citation omitted). "A motion for reconsideration cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010)(citation omitted).

Debtors have not raised sufficient grounds for reconsideration or modification of this Court's Order. This Court did not misunderstand the bankruptcy court's summary judgment order. In its summary judgment order, the bankruptcy court wrote that a written due diligence sign off was "an obligation arising from the Commitment Letter." (Doc. # 7-136 at 30). The bankruptcy court stated that the parenthetical phrase in the termination provision concerning due diligence "called for a bankruptcy filing deadline, to be triggered by the written notice indicating that PEPI was ready to proceed with the DIP loan." (Id.). The bankruptcy court also emphasized Debtors' position that they needed a "written sign-off, as assurance that the DIP Loan was ready to go, before the Chapter 11 filings." (Id. at 30). Thus, the bankruptcy court concluded: "PEPI's unequivocal refusal to provide the written confirmation that its due diligence was completed was a prospective breach of contract, releasing

4

Debtors from any further obligations under the Commitment Letter." (Id. at 31); see also (Id.)("conclud[ing] that PEPI effectively repudiated its obligation to confirm the completion of due diligence prior to the Debtors' Chapter 11 filings").

In short, the bankruptcy court's ruling was that PEPI was obligated under the Commitment Letter's termination provision to provide Debtors a written due diligence sign off before Debtors would file for bankruptcy. Thus, this Court was faced with this question: Did the termination provision of the Commitment Letter require PEPI to provide Debtors a written due diligence sign off, as the bankruptcy court held? The Court answered that question in the negative.

Nothing in Debtors' Motion changes the Court's analysis. While Debtors argue that the issue of whether the Commitment Letter's termination provision is ambiguous should be remanded to the bankruptcy court, the Court disagrees. Throughout this appeal — and below in the bankruptcy court — PEPI argued that the termination provision was unambiguous and did not require a written due diligence sign off. See, e.g., (Doc. # 23 at 45-53); (Doc. # 28 at 17-19); (Doc. # 7-4 at 2); (Doc. # 7-109 at 11, 42-44); (Doc. # 7-122 at 101); (Doc. # 7-123 at 40); (Doc. # 7-135 at 28). Indeed, the

5

bankruptcy court never held the termination provision of the Commitment Letter was ambiguous. Rather, the bankruptcy court held that the termination provision clearly required a written due diligence sign off.

So, this Court analyzed the bankruptcy court's finding with the same understanding apparently held by the bankruptcy court — that the relevant term of the Commitment Letter was unambiguous. And, upon review of the Commitment Letter, the Court held that the termination provision was unambiguous as a matter of law regarding a written due diligence sign off. See Nat'l Fire Ins. Co. of Hartford v. Fortune Const. Co., 320 F.3d 1260, 1267 (11th Cir. 2003)("[D]e novo review is appropriate when addressing the construction of written contracts."). But the Court disagreed with the bankruptcy court on whether a written due diligence sign off was required under the unambiguous provision. Thus, the Court reversed the bankruptcy court's finding.

So, to reiterate, the Court ruled that "the termination provision is not ambiguous and did not require a written due diligence sign off as a matter of law" and "[t]he bankruptcy court erred in concluding that a written due diligence sign off was a required precedent to filing for bankruptcy under the Commitment Letter." (Doc. # 30 at 51). The Court declines

both Debtors' and PEPI's invitations to elaborate further on the issue. The Court will not alter its prior ruling by remanding all issues related to the termination provision to the bankruptcy court, as Debtors request. (Doc. # 33 at 3). Nor will the Court expand its ruling by holding that an oral due diligence sign off was not required under the Commitment Letter either, as PEPI requests. (Doc. # 38 at 5).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Appellee Debtors' Motion for Rehearing (Doc. # 33) is **DENIED.**

**DONE and ORDERED** in Chambers in Tampa, Florida, this 18th day of June, 2019.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7